Whaley, Chief Justice,
delivered the opinion of the court:
This case comes to the court under an Act of Congress approved July 24, 1941, conferring jurisdiction “to hear, *780 determine, and render judgment on the claim of R. Brin-skelle and Charlie Melcher for damages for loss of a fishing cabin on or about March 6, 1937, because of fire allegedly caused by negligence of Government employees in connection with clearing operations along the banks of the Warrior River and its tributaries”. 55 Stat. 944.
Jurisdiction is especially conferred upon this Court to hear and determine a case sounding in tort. The case is based on negligence and the burden of proof is on the parties alleging negligence. It is also necessary for the plaintiffs to show that the negligent act of the defendant’s employees was the proximate cause of the destruction of the cabin.
The evidence in the case is not very satisfactory. It appears that the cabin was situated at or near the top of a wooded hill which extended upward and northwestward from Chichester Slough on Hurricane Creek near the point where Hurricane Creek empties into Warrior River, the cabin being about 450 feet from the edge of this slough.
On March 6, 1937, and for some time prior thereto, the defendant was clearing the banks of, and the land adjacent to, Hurricane Creek and Warrior River in the vicinity of the cabin, and was burning the logs from the trees which had been cut down and also the brush, dead foliage, and other inflammable materials. The work was being done in anticipation of the raising of Lock 17 on Warrior River and the inundation of the land being cleared.
On March 5, 1937, the day before the fire which allegedly burnt the cabin, several fires built by the defendant’s crew were burning along the banks and in the area adjacent to Chichester Slough, a short distance from the plaintiffs’ cabin. The fires were still burning when the crew left the job about an hour before noon on Saturday, March 6, 1937. Previous to leaving, the crew raked down the burning logs so that they would be completely burned out before they left; however, this was not accomplished before they departed. On week nights a night watchman was always left on duty but on this Saturday night, March 6, 1937, there was no watchman on duty.
*781 The winds in tbe vicinity were variable in direction but were strong enough to spread a fire. No one saw the cabin burn.
The direct evidence in the case is that witnesses saw the hillside between the slough and the cabin burning and the next morning the area around the cabin was burnt over. Plaintiffs’ cabin and all the furnishings were totally destroyed.
The evidence is purely circumstantial so far as the actual burning of the cabin is concerned but it is a fair assumption that the fire burning on the side of the hill was caused by the burning logs which had been scattered by the defendant’s crew before it left on the morning of March 6, 1937, and was the proximate cause of the burning of the cabin and its contents.
The defendant claims that the fire was caused by moonshiners who had a still not very far from the cabin and also claim that it was the custom of moonshiners to burn the brush in the neighboring area so as to disguise the smoke from the still.
The only evidence to substantiate the charge that a fire from the still caused the burning of the cabin is the fact that the sides of some of the trees towards the still were charred and some of the underbrush towards the still had been burnt. All that is shown is that the ground was cleared around that section by a fire. This is purely a presumption and the weakest of circumstantial evidence.
One would have to assume that the still was operated that night; that a fire had been started by the moonshiners to disguise the operation of the still; and also that these moonshiners were negligent in letting the fire get away from them, and, as a result thereof, the cabin was burned. It is an assumption upon a presumption which we are unwilling to make.
We feel that the plaintiffs have borne the burden of proof, and that the negligence of the defendant’s employees in not putting out the fires by the slough on the defendant’s property, or having a watchman remain until the fires Avere out, was the proximate cause of the burning of the cabin and its contents.
*782 There is now the question of the amount of the loss. The cabin was built by plaintiffs some nine or ten years before the fire. It contained three rooms and two porches. We think a fair value for the cabin and its furnishings on March 6,1937, taking into consideration depreciation on the cabin for nine years, is $790.00.
Plaintiffs are entitled to recover $790.00 It is so ordered.
Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.